SAROKIN, Circuit Judge,
dissenting.
I respectfully dissent.
Accepting that Delaware is a “non-weighing” state, I conclude that the instructions *773 and interrogatories submitted in these two cases shifted the neutral balance contemplated under the statute and with it, the scales of justice as well. Rather than directing the consideration of all mitigating and aggravating factors in the final stage, each court focussed on aggravating circumstances and enhanced their consideration by designating them as “statutory.” The combination of these errors with the submission of a critical “statutory” factor deemed to be unconstitutional raises such errors to the level of a constitutional defect.
It may be that because of the evidence presented in this case, the jury would have imposed the death penalty in any event. However, it is impossible to determine the extent to which the courts’ instructions influenced the juries’ determinations, and whether the juries would have imposed the death penalty absent those instructions and interrogatories. This being the death penalty— the ultimate punishment — ambiguities should be resolved in favor of the defendant, and the matter remanded for reconsideration.
I.
Death penalty statutes in the various states can be divided into two separate categories. In so-called non-weighing states, jurors in the sentencing phase of the trial must find beyond a reasonable doubt the presence of at least one of various aggravating factors specified in the statute. Once this threshold finding is made, the jury proceeds to a discretionary stage where it can consider any aggravating factor as well as any mitigating factor.[1] In so-called weighing states, the threshold requirement is the same, but the jury at the discretionary stage is limited to consideration of the statutorily specified aggravating factors.
The Supreme Court has devised bifurcated tracks for reviewing death penalty sentences in which the jury relied on unconstitutional statutory aggravating factors, distinguishing between the two different types of statutes. In Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), the Court held that consideration of an unconstitutional statutory factor in a non-weighing state, when other statutory factors were also found by the jury, does not warrant reversal. In Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the Court held that consideration of an unconstitutional statutory factor in a weighing state is cause for reversal, even if other statutory factors were found. The distinction upon which the Court relied was that in non-weighing states, the jury at the discretionary stage was entitled to consider any aggravating factor, not simply those articulated in the statute. Therefore, consideration of a statutory aggravating factor deemed unconstitutional did not impermissibly broaden the range of aggravating evidence that the jury could consider. Zant, 462 U.S. at 886, 103 S.Ct. at 2747 (“The underlying evidence is ... fully admissible at the sentencing phase.”). At most, it gave one factor more attention than warranted by requiring consideration of that factor by the jury at the eligibility stage. Id. at 888, 103 S.Ct. at 2748. But any prejudice that the defendant might suffer would be quite remote, in the Court’s view, because no emphasis was placed on statutory factors at the discretionary stage. Id. at 889, 103 S.Ct. at 2749.
In a weighing state, on the other hand, the jury’s consideration of aggravating factors at the discretionary stage is limited to those enumerated by statute. Therefore, inclusion of an unconstitutional statutory factor at the discretionary stage broadens the range of aggravating factors that the jury can consider beyond what is constitutionally permissible, since the extra aggravating factor might have been decisive in imposing the sentence of death. The Court held in Clemons that in those instances the sentence should be vacated and either remanded to the state appellate court for reweighing or subjected to harmless error analysis. 494 U.S. at 741, 110 S.Ct. at 1444.
II.
The juries in both Bailey and Flamer were presented with an unconstitutional statutory *774 factor, specifically,- that “[t]he murders were outrageously or wantonly vile, horrible or inhuman.” Majority Opinion (“Maj.Op.”), appendix A at 760, appendix C at 762. However, the situation in these two cases does not comport with the weighing/non-weighing analysis that has evolved from Supreme Court jurisprudence. I do not dispute the majority’s determination that Delaware is a non-weighing state, Maj.Op. at 749; however, in both Bailey and Flamer the instructions issued and interrogatories submitted to the juries gave heightened significance to statutory aggravating factors at the discretionary stage,[2] and thus introduced a weighing dimension to those juries’ considerations. The issue presented is, how are we to apply existing Supreme Court law in a hybrid ease such as this?
I do not think it appropriate to cram orn-ease into one of the conceptual boxes designed by the Supreme Court. Neither fits precisely. Instead, we must step back and, as the Court did in Zant and Clemons, try to understand and predict how the instructions and interrogatories affected, or may have affected, the jury.
III.
First, I agree with the majority that the inclusion of an unconstitutional statutory factor at the eligibility stage, in and of itself, does not warrant reversal when other statutory factors are present. Maj.Op. at 747. That is the clear mandate of Zant.
I further agree with the majority that neither Bailey nor Flamer was prejudiced by the mere consideration of the unconstitutional statutory factor at the discretionary stage. As the majority notes, the jury at that stage is entitled to consider all factors either supporting or negating the imposition of death on the defendants. Maj.Op. at 752. In particular, the jury is entitled to take into account whether the murders were “outrageously or wantonly vile, horrible or inhuman.”
The issue, however, is not whether the juries were entitled to consider evidence of the vileness of Bailey’s and Flamer’s acts. Rather, the issue is the weight that this factor played in the juries’ deliberations because of the courts’ instructions and interrogatories, and whether this compelled consideration of the statutory factors at the discretionary stage may have unduly prejudiced Bailey and Flamer.
In both cases, Interrogatory # 3 asked the jury to specify upon which statutory factors it relied in reaching its verdict of death. By asking the jury to specify what statutory aggravating factors it took into consideration, but not asking the jury a similar question regarding mitigating factors, Interrogatory #3 focussed the jurors’ attention on those very factors that would most likely lead them to impose the death penalty. While the judges in both Bailey and Flamer instructed the juries that they could take into consideration “all relevant evidence in aggravation or mitigation,” Maj.Op., append. A at 759, append. C. at 762, the instructions and interrogatory had the effect of signaling to the jury that when all was said and done, they should pay particular attention to certain considerations. In Bailey, these considerations were: (1) whether, when committing the murders, Bailey “had escaped from a place of confinement”; (2) whether he “was engaged in flight after committing Robbery”; (3) whether his “course of conduct resulted in the deaths of two persons where the deaths were a probable consequence of the defendant’s conduct”; and (4) whether “[t]he murders were outrageously or wantonly vile, horrible or inhuman.” Maj.Op., append. D at 763-64. In Flamer, the judge gave special *775 salience to the following factors: (1) whether Flamer killed his victims while he “was engaged in the commission of a robbery”; (2) whether his “course of conduct resulted in the deaths of two or more persons where the deaths are a probable consequence of the defendant’s conduct”; (3) whether “[t]he murders were outrageously or wantonly vile, horrible or inhuman”; and (4) whether “[t]he murder was committed for pecuniary gain.” Maj.Op., append B. at 761. It is reasonable to conclude that Interrogatory #3, by so directing the juries’ attention, gave added weight to those aggravating factors articulated by the judges and diminished the juries’ consideration of mitigating factors. Because in non-weighing states, “the finding of [a statutory] aggravating circumstance does not play any role in guiding the sentencing body in the exercise of its discretion” beyond eligibility, Zant, 462 U.S. at 874, 103 S.Ct. at 2741, requiring that aggravating circumstances play such a role was error.
To understand the prejudice that the judges’ instructions may have caused, it may be helpful to consider a different scenario: imagine that, instead of Interrogatory #3, the judge in Flamer had directed the jury to indicate which of the following factors they relied on in reaching their sentence: Flamer’s “dull normal” intelligence, the role of the co-defendant, Andre Deputy, in the murders, Flamer’s struggle with alcoholism, the reports of a psychologist and psychiatrist, and the testimony of Flamer’s mother and grandmother. Joint Appendix at 1482,1486. It is not difficult to imagine the prosecution’s outraged reaction to such an interrogatory, and the impact it might have had on the ultimate sentence. The impact was no less great and prejudicial when, as actually happened, the courts directed the juries to look particularly closely at the gravity and horror of Bailey’s and Flamer’s acts, but not at anything which might tend to mitigate.
IV.
While I urge that casting a bright light on those factors most likely to bring about a sentence of death was unconstitutionally prejudicial, I conclude that such error was further compounded by the fact that one of the factors thus singled out for the juries’ attention was unconstitutionally included in the list of statutory factors.
While the majority does acknowledge that awarding one factor the imprimatur of statutory factor may give it heightened significance over other factors, it argues that in Zant, “the Supreme Court recognized that [the statutory label “aggravating circumstance”] ‘arguably might have caused the jury to give somewhat greater weight to petitioner’s prior criminal record than it otherwise would have given.’ ” Maj.Op. at 753 (quoting Zant, 462 U.S. at 888, 103 S.Ct. at 2748). “Nevertheless, the Court held that ‘any possible impact’ resulting from the use of that label ‘could not fairly be regarded as a constitutional defect in the sentencing process.’” Maj.Op. at 753 (quoting Zant, 462 U.S. at 889, 103 S.Ct. at 2749).
Zant, however, is not applicable here. In Zant, “[t]he instructions did not place particular emphasis on the role of statutory aggravating circumstances in the jury’s ultimate decision.” 462 U.S. at 889,103 S.Ct. at 2749 (emphasis added) (citation omitted). “Instead the trial court instructed the jury to ‘consider all of the evidence received in court throughout the trial before you’ and to ‘consider all facts and circumstances presented in extinuation [sic], mitigation and aggravation of punishment as well as such arguments as have been presented for the State and for the Defense.’ ” Id. In Bailey and Flamer, however, the judges’ instructions did place particular emphasis on the role of statutory factors at the discretionary stage. Furthermore, there is no indication that the jury in Zant received the sort of interrogatory that is central to our concern here. In other words, while the jury was instructed in Zant to consider an impermissible statutory factor at the eligibility stage, it received no such direction regarding the discretionary stage.
Contrary to the majority, I find this difference to be “of constitutional dimension.” It is, in fact, fundamental. Sentencing in death penalty cases requires two distinct and sequential stages: eligibility and discretion. Because the statutory factors in Zant played *776 no role whatsoever in guiding the jury at the discretionary stage, id. at 874, 103 S.Ct. at 2741, “the jury’s ultimate decision,” id. at 889, 103 S.Ct. at 2749, was not itself marred by constitutional error; any prejudice against Zant would have resulted from the residual effect of considering that factor at an earlier stage in the trial (the eligibility stage). In the cases before us, however, the jury’s attention was once again focussed on the statutory factors at the discretionary stage. In fact, the judges in their interrogatories singled out the statutory factors for the juries’ special consideration. In other words, whereas in Zant the statutory factors may have been in the recesses of the jurors’ memories at the discretionary stage, they were made current and predominant in Bailey and Flamer. The statutory factors, which played no role in the jury’s “ultimate decision” in Zant, played the central role in the jury’s ultimate decisions that Bailey and Flamer should be put to death.
V.
I conclude that in Delaware’s non-weighing scheme, at the discretionary stage, (1) the forced consideration of some aggravating but no mitigating factors, compounded by the enhanced designation of those factors as “statutory,” and (2) the mischaracterization of an aggravating factor as statutory at the discretionary stage, amount to constitutional defect and are grounds for reversal.
As with the inclusion of an invalid factor in a weighing scheme, when this combination of errors occurs, we cannot “assume it would have made no difference if the thumb had been removed from death’s side of the scale.” Stringer v. Black, 503 U.S. 222, 232, 112 S.Ct. 1130, 1137, 117 L.Ed.2d 367 (1992).
VI.
Because I conclude that the sentencing of both Bailey and Flamer was tainted with constitutional error, I now address the issue of harmless error. The United States Supreme Court recently held that “[w]hen a federal judge in a habeas proceeding is in grave doubt about whether a trial error ... had ‘substantial and injurious effect or influence in determining the jury’s verdict,’ that error is not harmless.” O’Neal v. McAninch, -U.S.-,-, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995).
As should be clear from my foregoing analysis, I harbor such “grave doubts” in this instance. In each case, the judge’s instructions, coupled with the interrogatory, unduly focussed the jury’s attention at the discretionary stage on the statutory factors — presumably the most damning considerations in support of a death sentence. By drawing attention to those factors, each judge necessarily magnified their importance and diminished the jurors’ attention to those factors arguing against a sentence of death. It is unarguable that drawing the jurors’ attention to one type of factors over another would have a “substantial and injurious effect or influence in determining the jury’s verdict.” As Judge Lewis argues, inclusion in the list of statutory factors (which totalled four in both Bailey and Flamer) of an unconstitutionally vague factor may well have been a deciding factor as well in the imposition of the death sentence. Therefore, I find that the errors were not harmless.
VII.
For this reason, I would vacate the death sentences of William Henry Flamer and Billie Bailey and remand for further proceedings consistent with this opinion.

. The majority refers to this second stage as the "selection” step. Majority Opinion at 741. Because I find this term ambiguous, I use instead the term "discretionary stage” throughout this dissent.

. The majority does not actually dispute this claim, though it falls short of endorsing it either. See Maj.Op. at 752 ("The worst that can fairly be said of the wording of this interrogatory question is that it might be read to suggest that the jury could not recommend a death sentence unless it relied, at least in part, on a statutory aggravating circumstance."). However, it deems to "see no merit in this argument” at a later point in the opinion. Maj.Op. at 753.
Moreover, the majority focusses on the fact that the instructions and interrogatory did not preclude consideration of other aggravating circumstances, see Maj.Op. at 751, 752-54 and that accordingly Zant governs. Maj.Op. at 753. Because my dissent in no way relies on this question, I do not address the majority's claim.